**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| KYJUANE L. CHATMAN, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | :     CASE NO. 4:08-CV-157 (CDL) |
| | :     28 U.S.C. § 2254 |
| DAVID FRAZIER, Warden. | : |
| | : |
| Respondent. | : |

## **REPORT AND RECOMMENDATION**

On October 28, 2004, Petitioner Chatman, who is currently incarcerated at the Macon State Prison, in Oglethorpe, Georgia, was convicted following a jury trial in the Muscogee County Superior Court of rape, aggravated sodomy, aggravated child molestation, kidnaping, false imprisonment, and possession of marijuana. (R-10-2). Petitioner was sentenced to life in prison. *Id.* Petitioner thereafter filed a direct appeal to the Georgia Court of Appeals, wherein his convictions were affirmed on February 21, 2007. *Chatman v. State*, 283 Ga. App. 673 (2007). On May 8, 2007, Petitioner filed a state habeas petition in the Calhoun County Superior Court, which, after a hearing, was ultimately denied on March 27, 2008. (R-10-3). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court on October 28, 2008. (R-10-4). On November 6, 2008, Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. (R-1). Respondent filed his Answer-Response on January 22, 2008. (R-9).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a

writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523.  Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 1521.  In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 1522.

## Petitioner's Habeas Claims

3

In his application for habeas corpus relief, Petitioner cites four claims of error.

**I.   State Habeas Court Errors**

**Ground One: The State Habeas Court erred in procedurally defaulting Petitioner's ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments.**

**Ground Two: The State Habeas Court erred in procedurally defaulting the Petitioner's conflict of interest claim.**

**Ground Three: The State Habeas Court erred in procedurally defaulting the Petitioner's Trial Court error in granting the Rape Shield Statute.**

With regard to the first three of Petitioner's enumerations of error, wherein Petitioner claims the state habeas court committed error by finding that his claims were procedurally defaulted, the Eleventh Circuit Court of Appeals has held that errors raised by a petitioner which do not involve the reason for his confinement are not cognizable in federal habeas corpus petitions. *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). Specifically, the court held that:

> In *Spradley v. Dugger,* we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief. 825 F.2d 1566, 1568 (11th Cir.1987) (involving claims as to errors at a hearing on a petitioner's 3.850 motion); *see also Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir.1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, while habeas relief is available to address defects in a criminal

> defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief. *See Spradley,* 825 F.2d at 1568.

Here, Petitioner is not challenging his conviction *per se* in Grounds One through Three. Each of the claims fails to allege a constitutional violation which occurred in the course of his criminal trial, but instead, challenges errors he contends the state habeas court made in the course of ruling on his state habeas corpus petition. Therefore, these claims are merely an attack on a proceeding collateral to his conviction and not cognizable in habeas corpus. 28 U.S.C. § 2254; *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). Thus, Petitioner is not entitled to relief on Grounds One, Two, or Three.

## II.   Ineffective Assistance of Appellate Counsel

**Ground Four: The State Habeas Court Erred in denying Petitioner's ineffective assistance of appellate counsel claim.**

Petitioner's last claim of error involves several allegations of ineffective assistance of his appellate counsel. (R-1, p. 11). Specifically, Petitioner contends that his appellate counsel was ineffective for failing to raise the issue of the ineffectiveness of his trial counsel; abandoned Petitioner's claim regarding the sufficiency of the evidence; failed to raise errors which occurred in the guilt or innocence phase of his trial; failed to research the law with regard to the Rape Shield Statute; and failed to act on Petitioner's claims about trial counsel's alleged conflict of interest with his case. *Id.*

In analyzing Petitioner's ineffective assistance of appellate counsel claim as argued in his state habeas petition, the Calhoun County Superior Court utilized the standard in

5

*Strickland v. Washington,* which held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In *Woodford v. Visciotti,* 537 U.S. 19, 24, 25, 123 S.Ct. 357, 360, 361 (2002) the United States Supreme Court held, "Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000).  Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.  An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).  The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney

6

representing a Defendant on appeal. *Id.* at 392. Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue was raised and dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987). Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington*." *Id.* at 3117.

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of appellate counsel. The record reveals that the Calhoun County Superior Court found that the Petitioner failed to overcome the presumption of effective performance or establish a reasonable probability that a different result, but for alleged error by counsel on appeal, may

7

have occurred. (R-10- 3). Thus, the court found that Petitioner's claim failed the standard as set out in *Strickland*. A review of that decision fails to show that it was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor.* Thus, it is recommended that Petitioner is not entitled to relief on Ground Four.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 3th day of February, 2009.

        S/ G. MALLON FAIRCLOTH
        UNITED STATES MAGISTRATE JUDGE

eSw