IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **KYJUANE L. CHATMAN,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| VS. | : | NO. 4:08-CV-157 (CDL) |
| | : | |
| **Warden DAVID FRAZIER,** | : | |
| | : | Proceedings under 28 U.S.C. § 2254 |
| **Respondent.** | : | |
| _____ | : | |

## **ORDER**

Before the Court is a "Rule 60(b) Motion" filed by *pro se* Petitioner Kyjuane Chatman, who is currently incarcerated at the Dodge State Prison in Chester, Georgia. ECF No. 36. For reasons discussed below, the Court denies his motion.

### *PROCEDURAL HISTORY*

On October 28, 2004, Petitioner was convicted following a jury trial in the Muscogee County Superior Court of rape, aggravated sodomy, aggravated child molestation, kidnaping, false imprisonment, and possession of marijuana. ECF No. 10-2. Petitioner was sentenced to life in prison. *Id.* Petitioner thereafter filed a direct appeal to the Georgia Court of Appeals, wherein his convictions were affirmed on February 21, 2007. *See Chatman v. State*, 283 Ga. App. 673 (2007). On May 8, 2007, Petitioner filed a state habeas petition in the Calhoun County Superior Court, which, after a hearing, was ultimately denied on March 27, 2008. ECF No. 10-3. Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court on

October 28, 2008.  ECF No. 10-4.  On November 6, 2008, Petitioner filed this federal habeas petition pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Following litigation by both the Petitioner and the Respondent, Petitioner's habeas petition was dismissed on May 8, 2009 and judgment was entered in this case.  ECF No. 17 and ECF No. 18.  On May 14, 2009, Petitioner filed a motion to stay the case (ECF No. 19) which was denied (ECF No. 20).  On May 20, 2009, Petitioner filed his first motion for reconsideration which was also denied.  ECF No. 21.  On June 3, 2009, Petitioner filed a notice of appeal which sought a certificate of appealability (ECF No. 22) and a motion for leave to appeal *in forma pauperis* (ECF No. 23).  On June 9, 2009, this Court denied Petitioner's motion to proceed on appeal *in forma pauperis* and denied a certificate of appealability.  ECF No. 26.  Thereafter, on September 1, 2009, the United States Court of Appeals for the Eleventh Circuit also denied Petitioner a certificate for appealability "because he has failed to make a substantial showing of the denial of a constitutional right".  ECF No. 32.  Petitioner then sought reconsideration of the Eleventh Circuit's decision which was denied on November 3, 2009.  *See* ECF No. 34.  In 2019, Petitioner filed an application in the Eleventh Circuit Court of Appeals seeking an order authorizing the district court to consider a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C § 2244(b).  *See* ECF No. 35.  Petitioner's application to file a second or successive habeas petition was denied on September 26, 2019.  *Id*.  On July 6, 2023, Petitioner filed the instant "Rule 60(b) motion".  ECF No. 36.

*DISCUSSION*

Fed. R. Civ. P. 60(b) states that:

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b)-(c)(1) provides that a motion for relief from judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . [or] (3) fraud" must be brought "[n]o more than a year after the entry of judgment". Judgment was entered in this case nearly fourteen years ago in 2009 thus any motion for relief from judgment under Fed. R. Civ. P. 60(b)(1), Fed. R. Civ. P. 60(b)(2), or Fed. R. Civ. P. 60(b)(3) is time barred. Therefore, Petitioner's current "Rule 60(b) motion" may only be considered under Fed. R. Civ. P. 60(b)(4), Fed. R. Civ. P. 60(b)(5), or Fed. R. Civ. P. 60(b)(6). Petitioner has not alleged in any way that the judgment in this case has otherwise been discharged or reversed, so the Court will not consider his case under Fed.

3

R. Civ. P. 60(b)(5).  Nor has Petitioner alleged that this Court lacked jurisdiction to enter judgment or that judgment was otherwise void, so consideration is also not warranted under Fed. R. Civ. P. 60(b)(4).  This leaves Fed. R. Civ. P. 60(b)(6) as the only possible basis for consideration of Petitioner's motion that he brings pursuant to "Rule 60(b)".

Relief under Fed. R. Civ. P. 60(b)(6) "is intended 'only for extraordinary circumstances.'"  *Olmstead v. Humana, Inc.*, 154 F. App'x 800, 805 (11th Cir. 2005) (per curiam) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)).  Hence, a plaintiff is required to "demonstrate a justification for relief so compelling that the district court was *required* to grant [the] motion."  *Id.* (internal quotation marks omitted) (emphasis and alteration in original).  Even then, whether to grant the requested relief is a matter for the district court's sound discretion."  *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (punctuation omitted); *see also Aldana v. Del Monte Fresh Produce N.A., Inc*., 741 F.3d 1349, 1355 (11th Cir. 2014)).

Here, Petitioner fallaciously contends that this Court denied federal habeas relief "without looking at and reviewing any documents contained in the record" and that "[t]his Honorable Court and the Eleventh Circuit Court of Appeals, both failed to apply the deference required by AEDPA to the State Court's decision".  ECF No. 36 at 4-5.  He argues that his bald assertion that the Court failed to review the record and failed to consider AEDPA before rendering judgment justifies him relief from judgment under *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992).  A review of the record reveals that this Court considered all of Petitioner's pleadings and even vacated judgment at one point in

4

this case to allow Petitioner additional opportunities to prove that relief was warranted in his habeas action.  *See* ECF Nos. 11, 12, 14, 16, and 17.  Furthermore, the Court rendered a decision regarding each of Petitioner's stated grounds for habeas relief as dictated by *Clisby*.  ECF Nos. 11 and 17.  Just because Petitioner disagrees with the Court's carefully considered decision does not entitle Petitioner to relief from judgment under Fed. R. Civ. P. 60(b)(6).  Simply stated, Petitioner has failed to demonstrate a valid and compelling justification for relief from judgment pursuant to Fed. R. Civ. P. 60(b)

More significantly, although Fed. R. Civ. P. 60(b) allows a petitioner in a habeas case to attack "some defect in the integrity of the federal habeas proceedings", Fed. R. Civ. P. 60(b) cannot be used to evade the second or successive petition bar contained in 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b).  *Gonzales v. Crosby*, 545 U.S. 524, 532 (2008); *Gilbert v. United States*. 640 F.3d 1293, 1323 (11th Cir. 2011) (citing *Gonzalez*, 545 U.S. at 532).  Here, Petitioner is not using Fed. R. Civ. P. 60(b) to sincerely attack some defect in the integrity of his federal habeas proceedings. Rather, Petitioner is once again attempting to attack his conviction and sentence with claims of ineffective assistance of counsel, misapplication of the Rape Shield Statute, and conflict of interest claims just as he did in his habeas petition. *Compare* ECF No. 36 *with* ECF No. 1. Although Petitioner titles this newest pleading as a motion for relief under "Rule 60(b)", this Court finds that Petitioner's motion is essentially a veiled attempt to file a successive § 2254 habeas petition. As such, the instant motion would be a second or successive Section 2254 petition. In accordance with 28 U.S.C. § 2254, this Court's consideration of

the instant motion is precluded absent prior authorization by the Eleventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933–34 (11th Cir. 2001) (per curiam); *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999). There is nothing in the record to indicate that any such authorization has been given, and in fact, the record reflects that an application to file a successive petition has been denied. *See* ECF No. 35. Because Petitioner's "Rule 60(b) motion" is in fact a successive §2254 habeas petition and because Petitioner has not obtained prior approval from the Eleventh Circuit to file a successive § 2254 habeas petition, this Court lacks the jurisdiction to once again consider Petitioner's claims for why his conviction was in error. *See* 28 U.S.C. § 2244(b)(3)(A); *Gilreath*, 273 F.3d at 933–34; *Guenther*, 173 F.3d at 1330; *Bolin v. Sec'y, Fla. Dep't of Corrs.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction).

## *CONCLUSION*

For all these reasons stated herein, Petitioner's motion to set aside judgment and reopen his 28 U.S.C. § 2254 action is **DENIED**.

## *CERTIFICATE OF APPEALABILITY*

"[A Certificate of Appealability] is required before a habeas petitioner may appeal the denial of a Rule 60(b) motion." *Hamilton v. Sec'y, Fla. Dep't of Corr.*, 793 F.3d 1261, 1265 (11th Cir. 2015). The Court can issue a Certificate of Appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).  To merit a Certificate of Appealability, the Court must determine "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted).  If a procedural ruling is involved, the petitioner must "demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'" *Buck*, 137 S. Ct. at 777 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under this standard, the Court cannot find that "a reasonable jurist could conclude that the District Court abused its discretion in declining to reopen judgment." *Id*.  The Court, therefore, declines to issue a Certificate of Appealability.

        **SO ORDERED**, this 12th day of July, 2023.

        S/Clay D. Land
        CLAY D. LAND, JUDGE
        UNITED STATES DISTRICT COURT